BOWMAN AND BROOKE LLP
Theodore Dorenkamp III (SBN: 277004)
Omid Shabani (SBN: 267447)
970 West 190th Street, Suite 700
Torrance, California 90502
Tel No:   310/ 768-3068
Fax No:  310/ 719-1019
Theodore.Dorenkampiii@bowmanandbrooke.com
Omid.Shabani@bowmanandbrooke.com

Attorneys for Defendants
XPEDITION LLC AND CABELA'S LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSS HAMILTON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> XPEDITION LLC dba FORTRESS SAFE and CABELA'S LLC <br><br> Defendants. | **CASE NO.:  2:24-cv-02157-KJM-CSK** <br><br> Assigned to:  Hon. Kimberly J. Mueller <br> Courtroom:   3 <br> **DEFENDANTS XPEDITION, LLC AND CABELA'S LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** <br><br> **Hearing Information:** <br> Date:          January 23, 2025 <br> Time:          10:00 a.m. <br> Location:     Courtroom 3, 15th Floor <br><br> Complaint Filed:  August 12, 2024 <br> Trial Date: None |

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**NOTICE IS HEREBY GIVEN** that on January 23, 2025 at 10:00 a.m., or

as soon thereafter as the matter be heard before Hon. Kimberly J. Mueller in

Courtroom 3 at the Robert T. Matsui United States Courthouse, 501 I Street,

Sacramento, CA  95814, Defendants xPedition, LLC and Cabela's, LLC will, and

hereby do, move this Court for an order to dismiss Plaintiff's Complaint in its entirety.

This Motion to Dismiss is based on the following grounds:

Plaintiff's first through fifth causes of actions fail to state claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6), 8, and 9(b).

(1) The Court lacks subject matter because Plaintiff's claims are prudentially moot in light of a product recall.

(2) Plaintiff has not pleaded essential elements of a UCL claim, neither adequately alleging lack of an adequate legal remedy or pleading elements of the claim with sufficient information to satisfy Rule 8 or Rule 9.

(3) Plaintiff's CLRA claim is barred by California Civil Code §1782(b).

(4) Plaintiff has not pleaded essential elements of CLRA claims, neither identifying omissions or representations or pleading fraud with specificity.

(5) Plaintiff's Song-Beverly Act claim is time-barred.

(6) Plaintiff's common law breach of implied warranty is barred by the statute of limitations and failure to provide notice, and Plaintiff has not adequately pleaded the elements of breach of implied warranty.

(7) Plaintiff cannot recover under an unjust enrichment theory because there is a contract and, in any event, as a matter of law there is nothing inequitable about providing an improved replacement product to cure a risk of injury.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the concurrently filed Proposed Order, all evidence, pleadings, and papers filed herewith, the entire file in this action, any Reply that may be filed in support of the motion, and any other arguments or evidence that may be presented to the Court at or before the time of the hearing.

DATED:  November 1, 2024                    BOWMAN AND BROOKE LLP


                                       BY:   /s/ Theodore Dorenkamp III
                                             Theodore Dorenkamp III
                                             Omid Shabani
                                             Attorneys for Defendants
                                             XPEDITION LLC AND CABELA'S
                                             LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Table of Contents

**MEMORANDUM OF POINTS AND AUTHORITIES** .......................................7

**FACTUAL BACKGROUND** ..............................................................................7

**ARGUMENT** ......................................................................................................8

  **I.   The Court should dismiss Plaintiff's Complaint as moot under Rule 12(b)(1).** .....................................................................................................8

    **A. The CPSC recall provides Plaintiff precisely the relief he seeks.** ..........10

    **B. Plaintiff's complaints about recall notification do not establish a live controversy.** ...............................................................................................12

    **C. The Court should dismiss this Complaint as moot.** ................................12

  **II.   The Court should dismiss Plaintiff's Complaint under Rule 12(b)(6).** 13

    **A.   Plaintiff has not stated a claim under the Unfair Competition Law.** 13

    **2.   Plaintiff has not adequately alleged a violation of any of the UCL's prongs** ............................................................................................................14

    **A.   Plaintiff has not stated a claim under the California Consumer Legal Remedies Act (CLRA).** ............................................................................17

      **1.   The recall bars Plaintiff's claim under § 1782(b).** ...........................17

      **2.   Plaintiff has not adequately pleaded the elements of his CLRA claim.** 17

    **B.   Plaintiff has not stated a claim for breach of implied warranty under the Song-Beverly Act or the common law.** ................................................18

    **C.   Plaintiff's unjust enrichment claim must be dismissed because there was an enforceable sales contract and, in any event, Plaintiff has not identified anything inequitable under the facts.** ...........................................19

**I.   Amendment Would Be Futile** .....................................................................20

**CONCLUSION** ...................................................................................................20

Case No. 2:24-cv-02157-KJM-CSK

30775907v6

**Table of Authorities**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Page(s)**

Cases

*Ali v. Cangemi,*
   419 F.3d 722 (8th Cir. 2005) ....................................................................9

*Cervantes v. Countrywide Home Loans, Inc.,*
   656 F.3d 1034 (9th Cir. 2011) ...............................................................20

*Chen v. Allstate Ins. Co.,*
   819 F.3d 1136 (9th Cir. 2016) .................................................................9

*Cheng v. BMW of N. Amer.,* No. CV 12-09262 GAF (SHx),
   2013 WL 3940815 (July 26, 2013).............................................. 9, 10, 11

*Cho v. Hyundai Motor Co., Ltd.,*
   636 F.Supp.3d 1149 (C.D. Cal. 2022) ...................................................19

*Coffelt v. Kroger Co.,*
   No. EDCV161471JGBKKX, 2017 WL 10543343 (C.D. Cal. Jan. 27, 2017).....10

*Comes v. Harbor Freight Tools USA, Inc.,*
   No. CV 20-5451-DMG (KKX) 2021 WL 6618816 (C.D. Cal. Sept 29, 2021)....9, 12

*Decker v. Nw. Envt'l. Def. Ctr.,*
   568 U.S. 597 (2013) .................................................................................8

*Hadley v. Kellogg Sales Co.,*
   243 F.Supp.3d 1074 (N.D. Cal. 2018)...................................................14

*Hernandez v. Lopez,*
   180 Cal.App.4th 932 (2009) ..................................................................19

*In re Burrell,*
   415 F.3d 994 (9th Cir. 2005) ...................................................................8

*In re MacBook Keyboard Litig.,*
   No. 5:18-CV-02813-EJD, 2019 WL 1765817 (N.D. Cal. Apr. 22, 2019).......9, 11

*In re Toyota Motor Corp. Hybrid Brake Mktg. Sales Pracs & Prod. Liab. Litig.,*
   890 F.Supp.2d 1210 (C.D. Cal. 2011)...................................................17

*Kearns v. Ford Motor Co.,*
   567 F.3d 1120 (9th Cir. 2009) ........................................................ 17, 18

*Keegan v. Am. Honda Motor Co., Inc.,*
   838 F.Supp.2d 929 (C.D. Cal. 2012) ....................................................18

*Korea Supply Co. v. Lockheed Martin Corp.,*
   63 P.3d 937 (Cal. 2003) ................................................................. 13, 14

*Kulp v. Munchkin, Inc.,*

5

30775907v6

678 F.Supp.3d 1158 (C.D. Cal. 2023)................................................................15

*McKell v. Wash. Mut.*,
  142 Cal. App. 4th 1457 (Ct. App. 2006) .........................................................16

*Nacarino v. Chobani*,
  668 F.Supp.3d 881 (N.D. Cal. 2022)...............................................................13

*Philips v. Ford Motor Co.*,
  No. 14-CV-02989-LHK, 2016 WL 693283 ....................................................9, 11

*Rattagan v. Uber Techs., Inc.*,
  553 P.3d 1213 (Cal. 2024)........................................................... 15, 16

*Reguerio v. FCA US, LLC*,
  671 F.Supp.3d 1085 (C.D. Cal. 2023)...............................................................16

*Shelton v. Ocwen Loan,*
  *Servs.*, 2019 WL 4747669 (S.D. Cal. Sept. 30, 2019)........................................14

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ...........................................................................13

*Tosh-Surryhne v. Abbot Lab'ys Inc.*,
  No. CIV S-10-2603 KJM, 2011 WL 4500880 (E.D. Cal. Sept. 27, 2011) ......9, 11

*Winzler v. Toyota Motor Sales, U.S.A., Inc.*,
  681 F.3d 1208 (10th Cir. 2012) .......................................... 10, 11, 12, 13

Statutes

[Cal. Civ. Code] Section 1780 ................................................................17

Cal. Civ. Code § 1770(a)(5), (7), and (9) ................................................18

California Civil Code § 1782(b) ...............................................................17

section 1782 ...........................................................................17

30775907v6

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff has brought a putative class action lawsuit against Defendants because they did what they should do. xPedition discovered a potential safety hazard in one of its product lines—a gun safe—sold at Cabela's. It recalled the safe and Cabela's pulled it from its shelves and advertising. xPedition provided users a replacement that Plaintiff does not dispute remedies the safety hazard. Nevertheless, Plaintiff—who does not say whether he availed himself of the recall—has sued alleging that this entitles him to additional compensation.

The Court should dismiss the Complaint. First, the Court lacks subject matter jurisdiction under the doctrine of prudential mootness. Second, Rule 12(b)(6) requires dismissal where no cause of action is adequately pleaded.

## FACTUAL BACKGROUND

xPedition makes safes for the secure storage of firearms and other things. This case involves safes that were equipped with a biometric "key" and a physical key. A user can secure the safe with a traditional key lock or by pairing a fingerprint to a biometric scanner so the safe will only unlock for the fingerprint-authorized user. Nothing stopped users from using both the physical key *and* the biometric key. There is no dispute that both methods reliably secure the safe.

The recall at issue arose out of an unintended consequence of the biometric key design. In the recalled design, the biometric key's default setting was "open." So if the biometric key was not properly programmed, the safe remained unlocked (unless secured with the physical key lock). xPedition recognized this presented a safety risk that could result in an unauthorized user gaining access.

On October 19, 2023, xPedition in coordination with the Consumer Products Safety Commission (CPSC), recalled 61,000 safes. (See Request for Judicial Notice [RJN], at ¶ 1 and Exhibit A.) The recall instructed owners to disable the biometric key and use the safe only with the physical key. Upon submitting a photograph of the disabled biometric key, xPedition sent owners a new safe. The

replacement safe remedies the risk by defaulting the biometric key to "closed" instead of "open." This way, user error in programming the biometric feature will not defeat the lock.

The recall was publicized by the CPSC and xPedition maintains a separate website with information about the recall remedy as well as a toll-free phone number for owners to call relating to the recall. (See RJN, at ¶¶ 1-2.) Cabela's pulled the recalled products, and includes information about the recall on a "recalls" section of its website. Cabela's also directly notified customers of the recall. In addition to the CPSC's, xPedition, and Cabela's notifications, the recall was publicized across broad and diverse media including *USA Today*, the American Academy of Pediatrics, *The New York Times*, Fox Business, *AmmoLand Shooting Sports News*, and ABC News all reported on the recall. (See RJN at ¶ 3.)

Plaintiff alleges he bought one of the later-recalled safes in May 2022. He does not say how he used it—whether he used it store firearms or used the biometric feature before the recall. Although Plaintiff alleges that at some time, he was able to replicate the condition that prompted the recall, he does not state if this was inadvertent or intentional. It is unclear whether he continues to use the recalled product. Further, despite complaining that notification about the recall was inadequate in some way, Plaintiff does not say how or when he heard about it.

## ARGUMENT

The Court should dismiss Plaintiff's Complaint in its entirety for two independently sufficient reasons. First, the Court lacks subject matter jurisdiction because the recall mooted the claim. Second, Plaintiff has failed to state a claim.

## I. The Court should dismiss Plaintiff's Complaint as moot under Rule 12(b)(1).

Federal courts can exercise jurisdiction only over live cases that reman live throughout all stages of litigation. *Decker v. Nw. Envt'l. Def. Ctr.*, 568 U.S. 597, 609 (2013); *see also In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005) ("if the

controversy is moot, [courts] lack subject matter jurisdiction, and the concomitant 'power to declare the law[.]'" (internal citations omitted)).

There are two varieties of mootness: Article III mootness and prudential mootness. Article III mootness applies when there is no longer a justiciable controversy. "A lawsuit—or an individual claim—becomes moot when a plaintiff actually receives all of the relief he or she could receive on the claim through further litigation." *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1144 (9th Cir. 2016). Prudential mootness is the "cousin of the mootness doctrine . . . relating to the court's discretion in matters of remedy and judicial administration." *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005). "Under the doctrine of prudential mootness, there are circumstances under which a controversy, not constitutionally moot, is so attenuated that considerations of prudence and comity for coordinate branches of government counsel to stay its hand, and to withhold relief it has the power to grant." *Cheng v. BMW of N. Amer.*, No. CV 12-09262 GAF (SHx), 2013 WL 3940815 at *2 (July 26, 2013).

Recalls often implicate prudential mootness. To avoid a finding that a recall mooted a claim, the plaintiff must allege facts showing that the recall is insufficient. *In re MacBook Keyboard Litig.,* No. 5:18-CV-02813-EJD, 2019 WL 1765817 at *8 (N.D. Cal. Apr. 22, 2019). A recall remedy does not have to satisfy the plaintiff, only to make the plaintiff whole. *Tosh-Surryhne v. Abbot Lab'ys Inc.*, No. CIV S-10-2603 KJM, 2011 WL 4500880 at *5 (E.D. Cal. Sept. 27, 2011) (finding the defendant's offer of replacement product mooted unjust enrichment claim). Failure to take advantage of offered relief that would completely remedy the plaintiff's alleged injury defeats standing absent a "cognizable danger that the recall process will fail." *Comes v. Harbor Freight Tools USA, Inc.* No. CV 20-5451-DMG (KKX) 2021 WL 6618816 *5 (C.D. Cal. Sept 29, 2021). To show a cognizable danger of failure, the plaintiff must allege something more than conjecture. *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 693283

30775907v6

1   at *10¬11 (N.D. Cal. Feb. 22, 2016). When a recall "provides plaintiff precisely
2   the relief he seeks, his claims are prudentially moot and properly dismissed."
3   *Cheng*, No. CV 12-09262 GAF (SHx), 2013 WL 3940815 at *2, *citing Winzler v.*
4   *Toyota Motor Sales, U.S.A., Inc.*, 681 F.3d 1208 (10th Cir. 2012).

5       Rule 12(b)(1) is the proper vehicle to address mootness. A court considering
6   a motion under Rule 12(b)(1) may look beyond the language of the complaint and
7   is not obligated to accept as true the allegations therein. *Coffelt v. Kroger Co.,* No.
8   EDCV161471JGBKKX, 2017 WL 10543343 at *3 (C.D. Cal. Jan. 27, 2017).

9   **A. The CPSC recall provides Plaintiff precisely the relief he seeks.**

10      The crux of Plaintiff's Complaint is that he and other class members have
11  been injured by having purchased a safe that he contends is defective. (Pl. Compl.
12  at ¶¶ 42, 43, 64, 77, 90, 101, 114.) But the recall provided the full relief that
13  Plaintiff seeks. It provides, at no additional cost to the consumer, a new
14  replacement product. Plaintiff does not dispute that the replacement resolves the
15  potential hazard posed by the recalled product. This remedy is available to all
16  purchasers, regardless of when they bought their safes, how they used them, and
17  whether they had ever incorrectly programmed the biometric feature.

18      By replacing the biometric safe with a new product that remedies the
19  problem, xPedition has ensured that Plaintiff and all other purchasers received the
20  benefit of the bargain. Neither Plaintiff nor any other purchaser has lost money or
21  property—in fact, some may come out ahead, choosing to use the recalled safe
22  under lock and key mode ***and*** receiving the new biometric safe. Any alleged
23  "overpayment or diminution of value" is resolved by the recall remedy, which
24  restores to purchasers a safe, fully functioning gun safe with a biometric lock
25  feature. (Pl. Compl. at ¶¶ 89 (alleging overpayment and diminution of value).)

26      Nevertheless, Plaintiff asserts that the recall does not moot this lawsuit
27  because (1) the recall does not provide refunds, and (2) it is "not viable" for those

28

Case No. 2:24-cv-02157-KJM-CSK

who do not want a biometric safe or an xPedition product. (Pl. Compl. at ¶¶ 42, 43.) These allegations are insufficient to avoid dismissal.

Unavailability of a refund does not render a recall insufficient so long as the recall remedy makes the plaintiff whole. *See Tosh-Surryhne*, No. CIV S-10-2603 KJM, 2011 WL 4500880 at *5 (rejecting claim demanding refund rather than replacement offered through recall program); *Winzler*, 681 F.3d at 1214 ("to allow a case to proceed simply because there happen to be differences between the remedial process a coordinate branch has selected and those we might choose. . . would require us to ignore reality that there's often no one single right way to go about providing equitable relief to an injured party.") When a manufacturer issues a recall offering to "completely repair" the asserted defect, a Plaintiff is hard pressed to demonstrate some cognizable injury that could establish a cause of action. *Cheng*, No. CV 12-09262 GAF (SHx), 2013 WL 3940815 at *2. Plaintiff does not identify any loss he has experienced that would not be resolved by a replacement product.

Nor does Plaintiff's statement that he—and possibly others—may not want another biometric safe or xPedition product establish a viable claim. To avoid dismissal, a plaintiff must adequately plead that a recall is not sufficient in a non-speculative way. *In re MacBook Keyboard Litig.,* No. 5:18-CV-02813-EJD, 2019 WL 1765817 at *8; *Philips*, No. 14-CV-02989-LHK, 2016 WL 693283 at *10¬11. This means alleging specific facts showing that the recall remedy fails in a material respect. *Id*. Plaintiff has not alleged any. It is undisputed that the replacement safes remedy the problem. Plaintiff's speculative fear that a biometric safe may not work[1] or that xPedition products are unsatisfactory is not enough to show that the recall is insufficient. Plaintiff's failure to allege that he availed himself of the recall

---

[1] The replacement safe, like its predecessor, can function in lock-and-key mode as well as through a biometric feature. If some consumers no longer trust biometric features, the replacement safe remains an appropriate alternative.

Case No. 2:24-cv-02157-KJM-CSK

30775907v6

forecloses any argument that the recall was insufficient.  *See Comes*, No. CV 20-
5451-DMG (KKX) 2021 WL 6618816 *5.

**B. Plaintiff's complaints about recall notification do not establish a live**
**controversy.**

Plaintiff also alleges that the recall notice was insufficient. (Pl. Compl. at ¶¶
3, 5.) But he does not say how. Nor does he say how and when he learned about it.
There is no allegation that he was harmed by any supposedly inadequate notice.
Nor does he support his subjective belief in its inadequacy with facts or
information suggesting that buyers were not aware of it.

**C. The Court should dismiss this Complaint as moot.**

This is a case that cries out for the application of the prudential mootness
doctrine. Plaintiff bought a gun safe that xPedition later recalled, offering to
provide him without charge a new replacement. The fact that he prefers a cash
refund instead, and harbors some speculative fear that other buyers might not know
about the recall, does not warrant this Court's jurisdiction.

As now-Justice Gorsuch explained, a lawsuit pleading entitlement to
equitable relief beyond a recall is an "appeal to the remedial discretion of the
courts," and this discretion includes the "concomitant power to deny relief
altogether unless the moving party can satisfy the court that relief is needed."
*Winzler*, 681 F.3d at 1210 (internal alterations and citations omitted). "Even
though a flicker of life may be left in it, even though it may still qualify as an
Article III 'case or controversy,' a case can reach the point where prolonging
litigation any longer would be itself inequitable." *Id*. This is such a case.

Plaintiff can avail himself of the recall. He will receive a new safe with a
fully functioning biometric feature—the exact type of product he chose to buy in
2022. And if he does not want to use the biometric feature, he does not have to—
the safe will still work in lock and key mode. It is inequitable to subject xPedition
and Cabela's to a putative class action to provide Plaintiff a forum to quibble over

30775907v6

1  the form of relief when xPedition and Cabela's did exactly what the law and public
2  policy required them to do. They identified a potential safety hazard and conducted
3  a comprehensive recall through the CPSC to completely replace the product. There
4  is "not enough value left for the courts to add in this case to warrant carrying on
5  with the business of deciding its merits." *Winzler*, 681 F.3d at 1211.

6  **II. The Court should dismiss Plaintiff's Complaint under Rule 12(b)(6).**

7      Plaintiff has also failed to state a claim upon which relief could be granted as
8  to any cause of action, warranting dismissal under Rule 12(b)(6).

9  **A. Plaintiff has not stated a claim under the Unfair Competition Law.**

10     Plaintiff's first cause of action is under the Unfair Competition Law (UCL).
11 He has not adequately pleaded his entitlement to equitable remedies, and has not
12 sufficiently alleged a violation under any of its three prongs.

13 **1. Plaintiff has not established that he is entitled to equitable relief.**

14     The UCL provides only equitable relief. Before a court can permit
15 restitution, the Plaintiff must show that there is an inadequate remedy at law.
16 *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020). The Court
17 must consider whether a remedy exists, not whether it is pursued or can be
18 successful. *Nacarino v. Chobani*, 668 F.Supp.3d 881, 894 (N.D. Cal. 2022). To
19 plead a UCL claim, the Plaintiff must show why the remedy at law is inadequate or
20 incomplete. *Sonner*, 971 F.3d at 844.

21     Plaintiff asserts that he does not have an adequate remedy at law. (Pl.
22 Compl. at ¶¶ 35–40.) But he does not explain why or how. He offers vague and
23 boilerplate allegations about the supposed superiority of equity. The closest he
24 comes is his assertion that equitable relief would entitle him to "recover all profits
25 from the wrongdoing, even where the original funds taken have grown far greater
26 than the legal rate of interest would recognize." (Pl. Compl. at ¶ 38.) But
27 "nonrestitutionary disgorgement is not an available remedy in an individual action
28 under the UCL." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 947

(Cal. 2003). "The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Id*. Disgorgement of profits would not return him to the status quo because it would not return to him property in which he had a vested interest. *Id*.

**2.   Plaintiff has not adequately alleged a violation of any of the UCL's prongs**

To assert a claim under the UCL, Plaintiff must plead 1) the violation of a law (the unlawfulness prong); 2) a fraudulent practice; or 3) unfairness.

**a.     Plaintiff has not stated a claim under the unlawful prong.**

To plead a claim under the unlawfulness prong, the plaintiff must allege a predicate violation and an accompanying economic injury allegedly caused by it. *Shelton v. Ocwen Loan Servs.*, 2019 WL 4747669 at *10 (S.D. Cal. Sept. 30, 2019). Plaintiff does not specify what law xPedition or Cabela's supposedly violated, asserting that they violated unspecified "consumer protection laws and the common law as set forth herein." (Pl. Compl. at ¶ 60.) Plaintiff has thus conceded that if his allegations in Causes 2 through 5 fail, so too does his UCL claim under the unlawfulness prong. *See Hadley v. Kellogg Sales Co.*, 243 F.Supp.3d 1074, 1094 (N.D. Cal. 2018) (recognizing that if plaintiff cannot state a claim under the predicate law, the UCL claim fails). As explained in Sections 2.B–E, he has not stated a claim as to any of his other causes of action.

**b.     Plaintiff has not stated a claim under the fraudulent practices prong.**

Plaintiff also asserts that he has a claim under the fraudulent practices prong. These allegations sound must meet the heightened pleading standard of Rule 9(b). In this section of the Complaint, Plaintiff alleges that xPedition and Cabela's engaged in a "fraudulent conduct" and, without saying what they are supposed to have done, he asserts that they acted intentionally. (Pl. Compl. at ¶¶ 58–60.) The "Factual Allegations" section of his brief provides limited clarification, suggesting

that he is trying to make a fraudulent omission claim based on a supposed obligation to disclose that the biometric lock was designed to default to "open."

A fraudulent omission claim is actionable if it is contrary to a representation actually made or constitutes an omission of a fact that the defendant was required to disclose. *Kulp v. Munchkin, Inc.*, 678 F.Supp.3d 1158, 1169 (C.D. Cal. 2023). To plead fraudulent concealment, the plaintiff must show that there was concealment or suppression of a material fact by a defendant with a duty to disclose, that the defendant intended to defraud the plaintiff, and that the plaintiff was unaware of the fact and would have acted differently and was damaged by the concealment. *Rattagan v. Uber Techs., Inc.*, 553 P.3d 1213, 1238 (Cal. 2024). A defendant has a duty to disclose a fact when 1) the duty is imposed by statute; 2) the defendant is in a fiduciary relationship with the plaintiff; 3) the defendant had exclusive knowledge of the material facts that are not reasonably discoverable by plaintiff; 4) the defendant makes a representation but fails to disclose facts that materially qualify the facts or render a disclosure misleading; or 5) when the defendant actively conceals facts. *Id*. The final three circumstances "presuppose an existing relationship between the parties" and cannot be derived from dealings between the defendant and the public at large. *Id*.

First, Plaintiff has not adequately pleaded that xPedition failed to disclose a fact it was obligated to disclose. Plaintiff identifies no representation that xPedition supposedly made. And he has not shown any duty to disclose additional facts. Plaintiff has not identified any duty imposed by statute. He does not allege that xPedition was in a fiduciary relationship with him. This leaves only the final three circumstances identified in *Rattagan*. These cannot apply to xPedition because Plaintiff does not allege that he had any pre-existing relationship with xPedition— the basis for his claims are xPedition's dealings with the public at large. Therefore, his UCL claim based on the fraudulent practices prong must fail.

1    Second, his allegations as to Cabela's fail because they are not pleaded with

2  particularity. As with xPedition, Plaintiff has not identified any false representation,

3  any duty imposed by statute or the existence of a fiduciary relationship. That leaves

4  only the last three circumstances. If a plaintiff alleges that the defendant's duty to

5  speak "arise[s] by virtue of the parties' relationship and defendant's exclusive

6  knowledge or access to certain facts . . . the complaint must also include specific

7  allegations establishing all the required elements." *Id.* To state a claim, Plaintiff was

8  required to allege "(1) the content of the omitted facts, (2) the defendant's

9  awareness of the materiality of those facts, (3) the inaccessibility of the facts to

10  plaintiff, (4) the general point at which the omitted facts should or could have been

11  revealed, and (5) justifiable and actual reliance, either through action or

12  forbearance, based on the defendant's omissions." *Id.* Plaintiff's claims against

13  Cabela's turns on the parties' buyer-seller relationship. But he only formulaically

14  recites the elements of the claim unadorned by specific facts. (Pl. Compl. at ¶¶ 22–

15  33.) This is insufficient under Rule 9(b).

16    **c.    Plaintiff has not adequately pleaded the unfairness prong of**

17    **the UCL.**

18    Plaintiff alleges that his UCL claim is also based on the unfairness prong.

19  Conduct is actionable under the UCL if it "violated public policy, [is] immoral,

20  unethical, oppressive, or unscrupulous and causes injury to consumers outweighing

21  benefits." *McKell v. Wash. Mut.*, 142 Cal. App. 4th 1457 (Ct. App. 2006). "To

22  sufficiently plead a claim under the UCL's 'unfair' prong, [the] plaintiff must allege

23  facts supporting all three elements." *Reguerio v. FCA US, LLC*, 671 F.Supp.3d

24  1085, 1098 (C.D. Cal. 2023). Plaintiff has not. He offers the conclusory assertion

25  that xPedition and Cabela's conduct was unfair. (Pl. Compl. at ¶ 61.) But he does

26  not offer facts to show that recalling and replacing a product  violated public policy

27  or was in any way immoral, unethical, oppressive, or unscrupulous. Therefore, the

28  Court should dismiss Plaintiff's UCL claim as well.

**A. Plaintiff has not stated a claim under the California Consumer Legal Remedies Act (CLRA).**

Plaintiff's second cause of action is for breach of the CLRA. This cause of action must be dismissed because it is barred by California Civil Code § 1782(b) and, in any event, because he has not pleaded the essential elements of his claim.

**1.    The recall bars Plaintiff's claim under § 1782(b).**

Section 1782(b) states, "No action for damages may be maintained under [Cal. Civ. Code] Section 1780 if an appropriate correction, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of the notice [of a CLRA claim]." Plaintiff provided notice of his CLRA claim in June 2024. (Pl. Compl. at ¶ 34.) xPedition recalled the safes in October 2023, eight months earlier. The recall provides for a complete replacement. Plaintiff was eligible to receive a replacement when he sent his letter—and he remains eligible to receive it now. Therefore, Defendants agreed to give an appropriate "replacement" "within 30 days after receipt of the notice."

The CPSC recall satisfies section 1782 and bars Plaintiff's claim. Plaintiff's preference for a refund does not defeat this. Section 1782 requires only that the defendant agree to give an "appropriate" remedy—not the remedy of a plaintiff's choice. The CPSC determined that this remedy was appropriate, and Plaintiff has pleaded no facts suggesting otherwise. *C.f., In re Toyota Motor Corp. Hybrid Brake Mktg. Sales Pracs & Prod. Liab. Litig.*, 890 F.Supp.2d 1210, 1218 (C.D. Cal. 2011) (finding plaintiffs' allegations that recall did not fix alleged defect prevented reliance on section 1782).

**2.    Plaintiff has not adequately pleaded the elements of his CLRA claim.**

"Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA[.]" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). When a CLRA claims turn on alleged deceptive or misleading representations, the

plaintiff is obligated to identify them with specificity, articulating "the who, what, when, where, and how of the misconduct alleged." *Id.*

Plaintiff identifies three subsections of the CLRA that he contends xPedition and Cabela's violated: 1) representing that goods have "sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have"; 2) representing that goods are "of a particular standard, quality, or grade, or that goods are of a particular style or model if they are of another," and 3) "advertising goods with the intent not to sell them as advertised." Cal. Civ. Code § 1770(a)(5), (7), and (9). But Plaintiff's Complaint identifies no representations.

Other than listing these statutes and declaring that "Defendants' unfair and deceptive acts or practices occurred repeatedly in Defendants' trade or business," Plaintiff's Complaint is devoid of facts to support them. (Pl. Compl. at ¶¶ 66–72.) The closest he comes is a general reference to "product packaging and product webpages," without identifying any particular content. (Pl. Compl. at ¶ 27.) This cannot satisfy Rule 9(b). Therefore, Plaintiff's CLRA claims must be dismissed.

**B. Plaintiff has not stated a claim for breach of implied warranty under the Song-Beverly Act or the common law.**

To state a claim for breach of an implied warranty of merchantability, a plaintiff must plead that "the product did not possess even the most basic degree of fitness for ordinary use." *Keegan v. Am. Honda Motor Co., Inc.*, 838 F.Supp.2d 929, 945 (C.D. Cal. 2012). A product need only be "reasonably suited for ordinary use" and does not need to be "perfect in every detail so long as it provides for a minimum level of quality." *Id.*

Plaintiff has not—and cannot—plead a breach of implied warranty under these circumstances. His lawsuit is about the CPSC recall and the safety hazard that prompted it. As Plaintiff acknowledges, the safety hazard is that "Consumers may believe they have properly programmed the biometric feature when in fact the safe remains in the default to open mode." (Pl. Compl. at ¶ 17.) Plaintiff offers

conclusory allegations that the safe was not fit for its ordinary purpose, but alleges no facts to support this claim.  (Pl. Compl. at ¶¶ 83, 93.)

This case does not involve a defect that impairs how a product is supposed to function. Instead, the recall protects against the consequence of user error. The hazardous condition arises only if a user incorrectly programs the safe. Plaintiff does not allege that the safe—as originally designed—did not function as a biometric gun safe. It was recalled not because it was not fit, but because the consequences of user error were significant, but correctable. Thus, Counts 3 and 4 of the Complaint should be dismissed.

**C. Plaintiff's unjust enrichment claim must be dismissed because there was an enforceable sales contract and, in any event, Plaintiff has not identified anything inequitable under the facts.**

Plaintiff's final cause of action is for unjust enrichment. Unjust enrichment applies when a plaintiff has no enforceable contract, but has conferred a benefit on the defendant, which the defendant has accepted under circumstances that would make it inequitable to retain. *Hernandez v. Lopez*, 180 Cal.App.4th 932, 938 (2009). It is an equitable claim and can apply only when the plaintiff has an inadequate remedy at law. *Cho v. Hyundai Motor Co., Ltd.*, 636 F.Supp.3d 1149, 1172 (C.D. Cal. 2022). This cause of action must fail because Plaintiff has adequate remedies at law and Plaintiff has not pleaded any facts showing inequity.

First, Plaintiff has remedies at law. He seeks money damages in the form of a refund under various causes of action. Further, because this transaction involved the sale of goods, it is governed by the Uniform Commercial Code.

Second, Plaintiff identifies nothing inequitable. xPedition manufactured and Cabela's sold Plaintiff a biometric gun safe. When xPedition identified a potential safety hazard stemming from its misuse, it recalled it and offered a replacement product. This is what the Consumer Product Safety Act envisions. And the remedy

ensured that Plaintiff was made whole. Plaintiff has not identified any reason that this sequence of events could or should be deemed inequitable.

### I. Amendment Would Be Futile

Because Plaintiff cannot allege facts beyond those asserted because no such facts exist, amendment would be futile, and amendment should not be allowed. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011) (dismissal without leave to amend proper where "leave to amend would be futile because the plaintiffs cannot state a plausible basis for relief").

## CONCLUSION

For the foregoing reasons, Defendants' motion should be granted without leave to amend.

DATED:  November 1, 2024          BOWMAN AND BROOKE LLP


                                  BY:   /s/ Theodore Dorenkamp III
                                        Theodore Dorenkamp III
                                        Omid Shabani
                                        Attorneys for Defendants
                                        XPEDITION LLC AND CABELA'S
                                        LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2024, I electronically transmitted the foregoing **DEFENDANTS XPEDITION, LLC AND CABELA'S LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of *Electronic* Filing to all CM/ECF registrants.

*/s/ Theodore Dorenkamp III*

## SERVICE/MAILING LIST
## Russ Hamilton vs. XPedition LLC, et al.
### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
Case No: **2:24-cv-02157-KJM-CSK**

SMITH KRIVOSHEY, PC
Yeremey O. Krivoshy, Esq.
166 Geary Street, Suite 1500-1507
San Francisco, CA  94108

Attorneys for Plaintiff

Tel:       415/ 839.7000
Fax:
Email:   jeremey@skclassactions.com

SMITH KRIVOSHEY, PC
Joel D. Smith, Esq.
867 Boylston St., 5th Floor, Ste 1520
Boston, MA 02116

Attorneys for Plaintiff

Tel:       617/ 377.7404
Fax:
Email:   joel@skclassactions.com

30775907v6