UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Russ Hamilton,<br><br>    Plaintiff,<br><br>  v.<br><br>xPedition, LLC dba Fortress Safe, et al.,<br><br>    Defendants. | No. 2:24-cv-02157-KJM-CSK<br><br>ORDER |

  Russ Hamilton on behalf of similarly situated individuals brings a putative class action against defendants xPedition, LLC dba Fortress Safe and Cabela's, LLC (together Fortress Safe), alleging Fortress Safe knowingly sold defective gun safes to consumers in violation of multiple consumer protection laws. Fortress Safe moves to dismiss the complaint alleging plaintiff's claims are moot and that he fails to state claims upon which relief can be granted; it also requests this court take judicial notice or incorporate by reference materials relating to the recall of the gun safe models. As described more fully below, the court **grants** in part and **denies** in part Fortress Safe's request for judicial notice or incorporation by reference, on its own motion, **dismisses** plaintiff's complaint for lack of subject matter jurisdiction, and **dismisses** plaintiff's amended complaint for failure to comply with Federal Rule of Civil Procedure 15.

/////

## I. BACKGROUND

The complaint identifies nine models of gun safes that were sold at stores including Cabela's, Bass Pro Shops, and other retail outlets. Compl. ¶¶ 1, 16, ECF No. 1. Two of the nine safes were branded under Cabela's name: the "Cabela's 4 Gun Safe with Biometric Lock" and the "Cabela's Biometric Personal Safe." *Id.* ¶¶ 2, 16. As alleged in the complaint, each of these nine models contained a biometric feature allowing owners to lock and unlock a safe with their fingerprints. *See id.* ¶ 17. The models, however, defectively "default[ed] to open:" that is, unless an owner programmed his or her fingerprints into the safe, any persons could unlock the safe with their own fingerprints. *Id.* ¶ 18. Many consumers, thinking they had locked the safe, in fact had left it open. *See id.* The defect produced over forty reports of people gaining unauthorized access to guns stored in the safes and one of these incidents led to the fatal shooting of a 12-year-old boy. *See id.* ¶ 2. Fortress Safe, in conjunction with the United States Consumer Product Safety Commission (CPSC), recalled these safe models on October 16, 2023. *See* Req. Jud. Notice Ex. A at 7, ECF No. 12. The CPSC recalled a total of 61,000 biometric safes, ranging in retail price from $44 to $290. *See id.* at 7–8.

Fortress Safe has asked the court to take judicial notice or incorporate by reference the full text of the CPSC recall notice, the recall notification materials on Cabela's website, and publicly available information about the recall. *See* Req. Jud. Notice at 2–4. Plaintiff does not oppose this request. Courts may incorporate documents by reference in "situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN, Inc.*, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, the court finds plaintiff's allegations depend on the recall notice, the full text of the notice is relevant to Fortress Safe's motion, and the parties do not dispute the recall notice's authenticity. The court incorporates by reference the full text of the CPSC's recall notice. *See id.*[1] The court declines, however, to take judicial notice or

---

[1] Fortress Safe has attached the recall notice as "Exhibit A" to its request. *See* Req. Jud. Notice Ex. A at 7–14. The full text of the recall can also be found here:

1  incorporate by reference the recall notification materials on Cabela's website or the publicly
2  available information about the recall.  It is not clear the court can take judicial notice of such
3  materials given the requirements of Federal Rule of Evidence 201(b)(2) and in any event, the
4  information would not be helpful in deciding the issues before the court.
5      In the complaint, plaintiff also alleges that defective biometric safe models, albeit ones
6  unrelated to this action, remained in the news in 2024 as the federal government recalled nearly
7  250,000 safes for opening without the owner's authorization.  Compl. ¶ 1.  The recalls led the
8  CPSC Commissioner to note, "[a]t this point, I can understand how it would be hard to trust the
9  safety of biometric gun safes, in general.  Don't be surprised if there are more biometric gun safe
10 recalls coming." *Id.* ¶ 4.
11     In the spring of 2022, plaintiff, a California citizen, examined a Cabela's brand Home
12 Defense Safe with Biometric Lock from a Bass Pro store in Manteca, California, within the area
13 served by this district court.  *Id.* ¶ 8.  After reviewing the floor model on the sales floor and the
14 box the product came in, plaintiff decided to purchase the safe.  *Id.* ¶ 9.  On June 18, 2024,
15 plaintiff sent a pre-suit notice to Fortress Safe.  *Id.* ¶ 34.  Fortress Safe received the notice several
16 days later.  *See id.*
17     On August 12, 2024, plaintiff filed suit in this court against Fortress Safe on behalf of
18 himself and a class of others who bought one of the nine models of allegedly defective gun safes.
19 *Id*. ¶ 7.  Plaintiff alleges this court has jurisdiction by virtue of 28 U.S.C. § 1332(d)(2)(A).  The
20 parties are minimally diverse—all that is required under § 1332(d)(2)(A)—as plaintiff is a citizen
21 of California while Fortress Lock is an Illinois company and Cabela's is incorporated in Delaware
22 and has its principal place of business in Missouri.  Compl. ¶¶ 10–11.  Plaintiff also alleges the
23 value of the aggregate claims of the class exceed the $5 million amount in controversy
24 requirement of § 1332(d)(2).  *Id.* ¶ 13.
25 /////

---

https://www.cpsc.gov/Recalls/2024/Fortress-Safe-Announces-Recall-of-Biometric-Gun-Safes-Due-to-Serious-Injury-Hazard-and-Risk-of-Death-One-Death-Reported (last visited Feb. 4, 2025).

3

1    The gravamen of the complaint is that Fortress Safe knew the nine models of gun safes
2    had a critical defect before it sold them to consumers like plaintiff.  Compl. ¶¶ 28–33.  In the
3    pursuit of profit, Fortress Safe omitted disclosing this information from its websites, from the
4    packaging of the safes and from customers who communicated with its sales representatives.  *Id*.
5    ¶¶ 22–27.  Instead, Fortress Safe represented only that the safes were suitable for use and had a
6    capable "biometric functionality" without disclosing the biometric lock had a defect.  *Id*. ¶ 27.
7    Once the recall happened in 2023, Fortress Lock refused to refund customers and instead gave
8    them a different biometric safe even though customers were concerned about the functionality of
9    any biometric safe given the widespread skepticism surrounding the products in 2024.  *Id.* ¶ 4.
10   Plaintiff brings six claims.  First, he alleges Fortress Safe violated all three prongs—
11   "unlawful," "fraudulent," and "unfair"—of California's Unfair Competition Law (UCL).  *Id.*
12   ¶¶ 55–65; Cal. Bus. & Prof. Code §§ 17200–17210.  Second, plaintiff alleges Fortress Safe
13   violated California's Consumers Legal Remedies Act (CLRA).  Compl. ¶¶ 66–77; Cal. Civ. Code
14   §§ 1750–1784.  Third, plaintiff alleges Fortress Safe violated the implied warranty of
15   merchantability in California's Song-Beverly Consumer Warranty Act.  Compl. ¶¶ 78–90; Cal.
16   Civ. Code §§ 1790–1795.8.  Fourth, plaintiff alleges Fortress Safe violated the implied warranty
17   of merchantability under the common law.  Compl. ¶¶ 91–101.  Fifth, plaintiff claims unjust
18   enrichment.  *Id*. ¶¶ 102–114.  Plaintiff seeks actual, compensatory, statutory and punitive
19   damages, restitution, and other equitable relief.  *Id*.  Prayer for Relief.
20   On November 1, 2024, Fortress Safe moved to dismiss.  Mot., ECF No. 11.  The matter is
21   fully briefed.  *See* Opp'n, ECF No. 17; Reply, ECF No. 18.  On its own motion, the court
22   instructed the parties to be prepared to discuss at oral argument whether plaintiff had sufficiently
23   pleaded subject matter jurisdiction.  *See* Min. Order (Jan. 15, 2025), ECF No. 21.  On January 23,
24   2025, the court heard oral argument.  Joel Smith appeared on behalf of plaintiff.  Mins. Mot.
25   Hr'g, ECF No. 22.  Theodore Dorenkamp and Omid Shabani appeared on behalf of Fortress Safe.
26   *Id.*  On February 6, 2025, plaintiff filed an amended complaint without asking the court's leave or
27   obtaining Fortress Safe's written consent.  *See* ECF No. 23.

## II.    SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This court has an obligation to examine its own jurisdiction and, if it determines it lacks jurisdiction, it must dismiss the action. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). To determine whether plaintiff, such as the one here, has properly pleaded subject matter jurisdiction, the court must accept the plaintiff's allegations as true and draw all reasonable inferences in the plaintiff's favor and then determine whether the plaintiff has made sufficient allegations "to invoke the court's jurisdiction." *Leitej v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). That is, the complaint must include allegations of "facts, not mere legal conclusions, in compliance with the pleading standards established by *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*." *Id.* (citing 550 U.S. 544 (2007) and 556 U.S. 662 (2009)). And under that standard, the court does not consider any materials or evidence unless they are part of the complaint itself, attached to the complaint, incorporated into the complaint by reference or subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–1002 (9th Cir. 2018); *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

Here, the court finds plaintiff has plausibly alleged diversity between and among the parties to meet the requirements of 28 U.S.C. § 1332(d)(2)(A) but has not plausibly alleged the amount in controversy exceeds $5 million. Plaintiff has provided no factual allegations that support his contention. *See* Compl. ¶ 13. In the recall notice, the CPSC claims it recalled 61,000 biometric safes that ranged in price from $44 to $290. Req. for Jud. Notice Ex. A at 7–8. But there is no information alleged regarding how many members of the class bought the expensive safes versus how many bought the cheaper versions, a key point in helping the court determine the numerical value of the amount in controversy. Also, theoretically, the owners of all 61,000 safes could be part of plaintiff's class action as plaintiff desires to certify a nationwide class. *See* Compl. ¶ 46. But it is not clear what claims the nationwide class are making as plaintiff has pleaded only California statutory violations and California common law claims. There are no allegations that identify the number of California class members there might be in this action. The absence of such information means plaintiff's allegations meant to support subject matter

1   jurisdiction remain speculative and do not cross the line from the conceivable to the plausible.
2   *See Twombly*, 550 U.S. at 570.  Because plaintiff has not sufficiently alleged subject matter
3   jurisdiction, the court dismisses the complaint, but with leave to amend if possible subject to
4   Federal Rule of Civil Procedure 11.

5   **III.   AMENDED COMPLAINT**

6   "A party may amend its pleading once as a matter of course no later than . . . 21 days after
7   serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after
8   service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),
9   whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  Here, plaintiff filed his complaint on August 12,
10  2024.  *See* Compl.  Fortress Safe filed a motion to dismiss on November 1, 2024.  *See* Mot.
11  Plaintiff did not file an amended complaint until February 6, 2025.  *See* Am. Compl.  Plaintiff
12  cannot amend his complaint under Rule 15(a)(1).  He also cannot amend under Rule 15(a)(2)
13  because plaintiff has not sought leave from this court nor has he obtained written consent from
14  Fortress Safe.  The court dismisses plaintiff's amended complaint with leave to amend.  A newly
15  amended complaint can consider this order.

16  **IV.   CONCLUSION**

17  The court **grants** Fortress Safe's request to incorporate by reference CPSC's recall notice
18  but **denies** Fortress Safe's request to take judicial notice or incorporate by reference information
19  relating to the notice on Cabela's website and public information relating to the recall.  Plaintiff's
20  complaint is **dismissed** for lack of subject matter jurisdiction with leave to amend and plaintiff's
21  first amended complaint is also **dismissed** with leave to amend.  Any renewed amended
22  complaint must be filed **within twenty-one days**.

23  This order resolves ECF No. 11.

24  IT IS SO ORDERED.

25  DATED: February 6, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE